**Reversed and Remanded and Majority and Dissenting Opinions filed May 2, 2013.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-12-00099-CV

---

**JAMES & ELIZABETH CARLSON, JOSE & ELIZABETH REFERENTE, ROGER CAMPODONICO, SERGIO A. LOPEZ, YAN WANG, HUI YAO, DANIEL & ANDREA SELUK, ROBERT HUTCHINS, ROBERT & KELLY FARFAN, BONNIE CORBETT, HELEN PAGOLA, & MANNY ESPINOLA, Appellants**

**V.**

**CITY OF HOUSTON, Appellee**

---

**On Appeal from the Co Civil Ct at Law No 1
Harris County, Texas
Trial Court Cause No. 973590**

---

## D I S S E N T I N G   O P I N I O N

A procedural-due-process violation does not amount to a taking, nor does it give rise to a takings claim. Simply stated, just because a governmental action—such as ordering condominium owners to vacate their homes—has been set aside as a violation of due process does not mean that the owners have a takings claim under the Texas Constitution.

## *Takings Claims*

In their petition in the trial court, the plaintiffs/appellants, who are owners of condominium units ("Owners"), assert claims against the defendant/appellee, the City of Houston, seeking compensation for an alleged regulatory taking under article I, section 17 of the Texas Constitution (the "Takings Clause"). The Owners assert that the alleged taking occurred in 2008, when the City ordered them to vacate their respective condominium units. The Owners also allege, and this court previously has held, that in taking this action, the City violated the Owners' constitutional rights to procedural due process. For there to be a waiver of the City's governmental immunity, the Owners must have pleaded a valid takings claim. But, a takings claim must be based upon *legitimate* governmental action in the exercise of *lawful* authority. Though an action that violates procedural due process is subject to being set aside as void, that same action does not give rise to a claim for compensation under the Takings Clause. Because the Owners' petition affirmatively negates the existence of jurisdiction, the trial court did not err in granting the City's plea to the jurisdiction.

## *Standard of Review*

This court reviews a trial court's ruling on a plea to the jurisdiction de novo.[1] When a party has filed a plea to the jurisdiction challenging the pleadings, a reviewing court must construe the pleadings liberally in favor of the pleader and look to the pleader's intent.[2] If the facts alleged affirmatively demonstrate the trial court's jurisdiction to hear the cause, the plea to the jurisdiction must be denied.[3] If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial

---

[1] *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

[2] *See id.*

[3] *See id.*

court's jurisdiction, but do not affirmatively demonstrate incurable defects in the jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend.[4]  Conversely, if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing an opportunity to amend.[5]

### *Jurisdictional Analysis*

The Owners affirmatively negated jurisdiction by pleading an alleged taking based upon invalid governmental action.  The City is a political subdivision of the State that is generally entitled to assert governmental immunity. When a political subdivision of the State is immune from suit under the doctrine of governmental immunity, a court lacks subject-matter jurisdiction.[6]  Governmental immunity has two components: immunity from liability and immunity from suit.[7]  Immunity from suit bars suit against the entity altogether.[8]  For there to be a waiver of immunity from suit in this context, there must be a clear and unambiguous waiver of immunity from suit as to the claims in question.[9]

There is a clear and unambiguous waiver of immunity from suit for inverse-condemnation claims within the ambit of article I, section 17 of the Texas Constitution.[10]  This constitutional provision is the only basis upon which the

---

[4] *See id.*

[5] *See id.* at 227.

[6] *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012).

[7] *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006).

[8] *Id.*

[9] *See* TEX. GOV'T CODE ANN. § 311.034 (West 2013) (providing that a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language); *Tooke*, 197 S.W.3d at 332–33 (requiring clear and unambiguous language to waive governmental immunity).

[10] *See* TEX. CONST. art. I, § 17.

Owners assert a waiver of governmental immunity for their claims. Governmental immunity does not shield the City from a claim for compensation under the Takings Clause.[11] The Takings Clause mandates that "[n]o person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person . . . ."[12] Generally, governmental entities compensate property owners before appropriating their property, either by paying a mutually agreed price or by paying the value as determined in a statutory condemnation proceeding.[13] If, however, these entities lawfully appropriate property without paying adequate compensation, in certain circumstances, the property owner may recover the resulting damages through an inverse-condemnation claim.[14] To assert a proper inverse-condemnation claim against a governmental entity, a party must plead the following elements: (1) the governmental entity intentionally performed an act in the exercise of its lawful authority; (2) that resulted in the taking, damaging, or destruction of the party's property; (3) for public use.[15] In their live petition in the trial court, the Owners

---

[11] *See id.*; *State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007).

[12] TEX. CONST. art. I, § 17. Article I, section 17(a) of the Texas Constitution provides as follows:
> No person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person, and *only if the taking, damage, or destruction is for:*
> *(1) the ownership, use, and enjoyment of the property, notwithstanding an incidental use, by:*
> *(A) the State, a political subdivision of the State, or the public at large; or*
> *(B) an entity granted the power of eminent domain under law; or*
> *(2) the elimination of urban blight on a particular parcel of property.*

Tex. Const. art. I, § 17(a) (emphasis added). The italicized language was added to this provision by a November 2009 amendment. *Compare* Tex. Const. art. I, § 17 (2007) (amended 2009), *with* Tex. Const. art. I, § 17. In the case under review, the new version of the Texas Constitution does not apply because the alleged inverse condemnation occurred before November 2009.

[13] *See Westgate, Ltd. v. State*, 843 S.W.2d 448, 452 (Tex. 1992).

[14] *See id.*

[15] *See Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 598 (Tex. 2001); *Steele v. City of Houston*, 603 S.W.2d 786, 790–91 (Tex. 1980).

pleaded that the City's order to vacate violated procedural due process. Because the City's order to vacate violated procedural due process, this order has been set aside in prior litigation, in which this court held that the City's order violated the procedural due-process rights of the Owners under both the United States Constitution and the Texas Constitution.[16] The order to vacate was void because the City violated the Owners' procedural due-process rights.[17]

Nonetheless, in their takings claims in this case, the Owners ignore a fundamental distinction between procedural-due-process claims and takings claims. In a claim against a governmental entity alleging action that violates procedural due process, the plaintiff must show that the governmental action was improper in that it violated procedural due process. In such actions, if successful, the plaintiff is entitled to have the governmental action set aside as void. But, crucially, under Texas law, there is no waiver of governmental immunity as to damages, so the plaintiff may not recover damages against the governmental entity.[18] In a takings claim, the claimant must show, among other things, that the governmental entity intentionally performed an act in the exercise of its lawful authority.[19] Thus, the Takings Clause does not prohibit or invalidate governmental action; rather, in a takings claim, the claimant may recover compensation based

[16] *See City of Houston v. Carlson*, No. 14-11-00352-CV, 393 S.W.3d 350, ___, slip. op. at pp. 8, 15 (Tex. App.—Houston [14th Dist.] Dec. 4, 2012, no. pet. h.).

[17] *See City of Beaumont v. Bouillion*, 896 S.W.2d 143, 148–49 (Tex. 1995) (stating that governmental entities have no power to commit acts contrary to the guarantees found in the Texas Constitution's Bill of Rights and that any act by a governmental entity in violation of this Bill of Rights is void).

[18] *See Bouillion*, 896 S.W.2d at 148–49; *Smith v. City of League City*, 338 S.W.3d 114, 127 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

[19] *See Gen. Servs. Comm'n*, 39 S.W.3d at 598.

upon lawful and proper governmental action that rises to the level of a taking.[20]

The City's order to vacate was void because it violated procedural due process.[21] Thus, as a matter of law, this order to vacate cannot be the basis for a valid takings claim.[22] Under the applicable standard of review, the facts alleged in the Owners' live petition affirmatively negate the trial court's subject-matter jurisdiction by showing that the Owners' takings claims are based upon the City's action in issuing an order to vacate that was void because it violated procedural due process.[23] That order already has been set aside in other litigation, but

---

[20] *See Lingle v. Chevron, U.S.A.*, 544 U.S. 528, 543–44, 125 S. Ct. 2074, 2084, 161 L.Ed.2d 876 (2005) (stating that the Takings Clause of the United States Constitution mandates compensation for otherwise proper interference with property rights that amounts to a taking and that governmental action in violation of due process, though impermissible, is not a taking); *First English Evangelical Lutheran Church of Glendale v. County of Los Angeles*, 482 U.S. 304, 315, 107 S.Ct. 2378, 2385–86, 96 L.Ed.2d 250 (1987) (same as *Lingle*); *City of Dallas v. VSC, LLC*, 347 S.W.3d 231, 238 (Tex. 2011) (stating, as to takings claims under article I, section 17 of the Texas Constitution, compensation is required for otherwise proper interference with property rights that amounts to a taking but that governmental action that violates due process, though impermissible, is not a taking). *See also Eastern Enterprises v. Apfel*, 524 U.S. 498, 554, 118 S.Ct. 2131, 2161, 141 L.Ed.2d 451 (1998) (Breyer, J., dissenting) (stating that "at the heart of the [Takings] Clause lies a concern, not with preventing arbitrary or unfair government action, but with providing *compensation* for legitimate government action that takes 'private property' to serve the 'public' good.").

[21] *See Bouillion*, 896 S.W.2d at 148–49; *Carlson*, 393 S.W.3d 350, ___, slip. op. at pp. 8, 15.

[22] *See Lingle*, 544 U.S. at 543–44, 125 S. Ct. at 2084; *First English Evangelical Lutheran Church of Glendale*, 482 U.S. at 315, 107 S.Ct. at 2385–86; *VSC, LLC*, 347 S.W.3d at 238; *Hammons v. City of Krugerville*, No. 2-04-353-CV, 2005 WL 2838602, at *3 (Tex. App.—Fort Worth Oct. 27, 2005, pet. denied) (mem. op.) (holding plaintiff did not plead valid inverse condemnation claim because plaintiff based this claim upon allegedly improper governmental action rather than upon an exercise of the governmental entity's lawful authority); *State v. Gafford*, No. 04-03-00168-CV, 2003 WL 22011302, at *3 (Tex. App.—San Antonio Aug. 27, 2003, no pet.) (mem. op.) (same as *Hammons*); *Fireman's Ins. Co. of Newark, N.J. v. Board of Regents of the Univ. of Tex. Sys.*, 909 S.W.2d 540, 543–44 (Tex. App.—Austin 1995, writ denied) (same as *Hammons*), *disapproved of on other grounds by*, *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000).

[23] *See Little-Tex Insulation Co.*, 39 S.W.3d at 598–99; *Lingle*, 544 U.S. at 543–44, 125 S. Ct. at 2084; *First English Evangelical Lutheran Church of Glendale*, 482 U.S. at 315, 107 S.Ct. at 2385–86; *VSC, LLC*, 347 S.W.3d at 238; *Hammons*, 2005 WL 2838602, at *3; *Gafford*, 2003 WL 22011302, at *3; *Fireman's Ins. Co. of Newark, N.J.*, 909 S.W.2d at 543–44.

compensation is not available under the Takings Clause based upon such improper governmental action.[24] Ironically, the unlawful nature of the action on which the takings claims are based is the very thing that defeats them.

The trial court did not err in concluding that governmental immunity bars the Owners' takings claims and dismissing their suit against the City for lack of jurisdiction. Because the majority concludes that the trial court erred, I respectfully dissent.[25]

/s/ Kem Thompson Frost
Justice

Panel consists of Justices Frost, Christopher, and Jamison. (Jamison, J., majority).

---

[24] *See Little-Tex Insulation Co.*, 39 S.W.3d at 598–99; *Lingle*, 544 U.S. at 543–44, 125 S. Ct. at 2084; *First English Evangelical Lutheran Church of Glendale*, 482 U.S. at 315, 107 S.Ct. at 2385–86; *VSC, LLC*, 347 S.W.3d at 238; *Hammons*, 2005 WL 2838602, at *3; *Gafford*, 2003 WL 22011302, at *3; *Fireman's Ins. Co. of Newark, N.J.*, 909 S.W.2d at 543–44.

[25] The majority concludes the City has not conclusively shown that it did not divest the Owners of their property rights. In reaching this conclusion, the majority relies upon the City's order to vacate without affording the Owners procedural due process. As shown above, this due-process violation actually precludes the Owners from recovering compensation based upon an alleged taking. Even if it did not do so, the majority does not explain how this court can reverse the trial court's judgment while presuming that the Owners had no right to occupy their condominium units. Though the Owners may have had a vested property right in the ownership of their respective homes, that ownership interest was not taken away. Instead, the Owners were prevented from occupying their respective units from the expiration of the temporary restraining order until the order to vacate was set aside. But, the majority presumes for the sake of argument that the Owners had no right to occupy based upon their failure to obtain certificates of occupancy. Under this presumption, there would be no taking even if the City's action in issuing the order were lawful and proper.